UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MOHAMMAD S. GHAZIASKAR,** :
:
    **Petitioner,** : CIVIL NO. 3:CV-04-1520
:
    v. : **(Judge Caputo)**
:
:
**JOHN ASHCROFT,** *et al.,* :
:
    **Respondents.** :

## MEMORANDUM

**I.  Introduction**

Mohammad S. Ghaziaskar, a Bureau of Immigration and Customs Enforcement ("ICE") detainee at the York County Prison in York, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Named as Respondents are: former United States Attorney General John Ashcroft; former Secretary of the Department of Homeland Security, Tom Ridge; the Commissioner of the United States Immigration and Customs Enforcement; and the Warden of York County Prison.[1] Petitioner, a native and citizen of Iran, was ordered removed from the United States, and he commenced the instant action to challenge his removal and detention.

**II.  Background**

Petitioner, a fifty-two year old native and citizen of Iran, entered the United States in 1974 on a student visa. Petitioner's status was adjusted to lawful permanent resident in

---

1. In immigration habeas proceedings, the proper respondent is the Bureau of Immigration and Customs Enforcement's Interim Field Office Director for Detention and Removal of the District where the alien is detained.

1978. Thereafter, it appears[2] that removal proceedings were initiated against Petitioner, at which he sought relief from removal under the Convention Against Torture ("CAT"). *See* Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, 112 Stat. 2681, 2681-822 (1998) ("FARRA"), § 2242; *see also* 8 C.F.R. § 1208.16 (2004).   On February 24, 2004, the IJ denied CAT relief and Petitioner was ordered removed from the United States.

Petitioner filed a motion to reopen the immigration proceedings, based on a claim of ineffective assistance of counsel, and his motion was denied by the IJ on March 16, 2004. Petitioner simultaneously appealed the denial of his motion to reopen, and the denial of CAT relief, to the Board of Immigration Appeals ("BIA"), and he was advised that consolidation of appeals on the two issues was inappropriate.  Consequently, he filed two separate appeals to the BIA on April 2, 2004.  (Doc. 14 at 2; Ex. A).  On June 21, 2004, the BIA affirmed the IJ's denial of Petitioner's motion to reopen, but the BIA had failed to docket and process the CAT appeal.  (*Id.*)

Petitioner filed the instant petition on July 14, 2004, claiming that his "substantive and procedural due process rights has (sic) been violated" in violation of his rights under the Fifth Amendment.  (Doc. 1 at 5.)  Petitioner claims that he was "denied the access to his [IJ] hearing transcripts, which has prevented him to write (sic) a complete and accurate brief."  Pursuant to enlargement from the Court, a timely response to the petition was filed (Doc. 14) on September 27, 2004.  Respondents allege that when the instant petition was

---

2. There is little evidence in the sparse record to determine the background facts of the instant habeas petition, and Petitioner has not provided an explanation of the basis or genesis of his removal order.

filed the BIA realized its failure to docket and process Petitioner's CAT appeal, and the BIA corrected the error on August 19, 2004. Since the CAT claim was still pending, and Petitioner had yet to receive a hearing on the issue, Respondents argued that the petition should be dismissed for failure to exhaust administrative remedies.

Petitioner subsequently filed a traverse (Doc. 16), in which he noted Respondents' failure to address the transcript issue, and also raised a challenge to his continued detention. (Doc. 16 at 2.) Concerned with the possibility that dismissal of the mixed petition (containing both exhausted and unexhausted claims) may cause limitations problems for Petitioner, this Court issued a stay by Order dated December 3, 2004 (Doc. 20), and directed Respondents to file a supplemental response, advising the current status of Petitioner's CAT appeal. Respondents filed a timely[3] response, informing the Court that the CAT appeal was still pending.

In the meantime, on December 7, 2004, Petitioner filed an "urgent" petition for writ of habeas corpus (Doc. 21), conceding that exhaustion would be required if Petitioner "was asking the court to review his final order of removal." (Doc. 21 at 12.) However, Petitioner claimed that he is only "questioning his excessive mandatory detention[4], [and therefore exhaustion is not required]." (*Id.*) Subsequently, on December 20, 2004, Petitioner filed a motion to expedite decision of his habeas petition (Doc. 24), a motion for judgment as a

---

3. Although the Order of December 3, 2004 provided ten (10) days to file the status report, and the status report was filed on December 17, 2004, Federal Rule of Civil Procedure 6 provides that when the period allowed is ten days or less, intervening weekends and holidays are excluded from the calculation.

4. The issue of continued detention was also addressed, either directly or implicitly, in subsequent documents from Petitioner and his wife. *See* Docs. 24-32, 34, 36, 37, 44, and 45.

3

matter of law (Doc. 25) which the Court construes as a motion for default judgment, a brief in support (Doc. 26) of the motion for judgment as a matter of law, and a letter (Doc. 27) imploring the Court to assist Petitioner and his family with their situation.   Thereafter, Petitioner has sent substantial correspondence and documents to the Court, urgently requesting relief in the form of immediate release pending exhaustion of his CAT claim.  In the midst of this flow of paperwork from Petitioner, seeking resolution of his petition, the parties have advised the Court that: (1) the BIA vacated Petitioner's removal order by Order dated December 22, 2004, and remanded the case to the IJ for a new decision (Doc. 41, Ex. A at 3-5); (2) the IJ has affirmed her denial of CAT relief by Order dated February 22, 2005 (*Id*., Ex. B); (3) Petitioner appealed the IJ's affirmation to the BIA on March 22, 2005 (Doc. 41 at 2); and (4) Petitioner's appeal was pending with the BIA as of March 31, 2005 (*Id*.)

Presently pending before the Court are Petitioner's emergency petitions/motions for writ of habeas corpus (Docs. 21, 31, 34, 36, 37, and 44), Petitioner's motions for judgment as a matter of law (Docs. 25 and 26), Petitioner's motion for expedited review (Doc. 24), and Petitioner's letters requesting expedited review of his case (Docs. 27, 28, 29, 32, and 45).  For the following reasons, Petitioner's emergency petitions/motions for writ of habeas corpus will be dismissed as duplicative, Petitioner's motions for judgment as a matter of law will be construed as motions for default judgment and the motions will be denied, Petitioner's motions for expedited review will be denied, and Petitioner's letters requesting expedited review will be construed as motions for expedited review and will be denied.

**III.    Discussion**

### A. Emergency Petitions/Motions for Writ of Habeas Corpus

Petitioner commenced this action with a petition for writ of habeas corpus on July 14, 2004. Thereafter, an answer was filed on September 27, 2004 and a reply was filed on November 22, 2004. Subsequently, Petitioner filed six (6) emergency petitions/motions for writ of habeas corpus (Docs. 21, 31, 34, 36, 37, and 44). Since the documents are duplicative of Petitioner's initial filing (Doc. 1), the emergency petitions/motions will be dismissed without prejudice.[5]

### B. Petitioner's Motions For Judgment as a Matter of Law

By Order dated December 3, 2004, the Court directed Respondent to file a status report within ten (10) days to advise the Court of the status of Petitioner's CAT claim. On December 17, 2004, Respondent filed the required status report. On December 20, 2004, Petitioner filed two motions for judgment as a matter of law (Docs. 25 and 26), claiming that Petitioner is entitled to a judgment as a matter of law "given the undisputed facts that respondent has defaulted to file (sic) their answer on time." (Doc. 25 at 3.) Accordingly, Petitioner's motions will be construed as motions for default judgment, and the motions will be denied as unauthorized by the statutory provisions and rules related to habeas corpus proceedings.

### C. Letters and Motion for Expedited Review

Petitioner has also filed several letters and a motion, seeking expedited review of his

---

5. If the documents are construed as amended petitions, Petitioner may file such documents under Federal Rule of Civil Procedure 15. However, since Respondents have already filed a responsive pleading prior to the filing date of the amended documents, Petitioner is required to obtain leave of Court, or written consent of Respondents to do so.

5

petition. Petitioner's letters will be construed as motions for expedited review. All of these documents focus on Petitioner's request for a custody review and his release. Petitioner states that he has been detained by ICE since October 6, 2003,[6] and that date is undisputed by Respondent. Petitioner claims his removal is not likely in the reasonably foreseeable future, he does not pose a danger to the community nor a flight risk, and he is entitled to custody review and release. Respondent claims that Petitioner's continued detention is appropriate, since his CAT appeal is pending with the BIA.[7]

Apprehension and detention of aliens, pending removal decisions, are governed by the provisions of 8 U.S.C. § 1226. Under § 1226(a), the Attorney General may issue a warrant for arrest and detention of an alien, pending a decision on whether the alien is to be removed from the United States. Although § 1226(a) permits release of aliens on bond, at the discretion of the Attorney General, custody is mandated for certain classes of aliens under § 1226(c). This provision has been upheld by the Supreme Court. *See Demore v. Hyung Joon Kim*, 538 U.S. 510, 517 (2003). The Court recognized that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Id.* at 523. Removal proceedings would be pointless if "those accused could not be held in custody pending the inquiry into their true character." *Id.* (Citations omitted). Although the Supreme Court has held that excludable aliens may not be held indefinitely under 8 U.S.C. §1231(a)(6), *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001), §1231(a)(6) is limited to aliens subject to a final removal order. Since Petitioner's removal order was vacated, he is not

---

6. Petitioner has stated that he has been detained since October 6, 2004, rather than 2003 (*e.g.* Doc. 35), although this date is clearly erroneous in the procedural history of this case.

7. Petitioner has confirmed that his appeal is not final (Doc. 34 at 4.)

subject to a final removal order, and his continued detention pending review is constitutionally permissible under *Demore*.  While the Court is mindful that Petitioner has suffered a delay of several months by the BIA's failure to docket his CAT appeal, Petitioner's removal order is not yet final because he is continuing to seek relief, and because he has achieved some measure of success in the effort to avoid his removal. Accordingly, Petitioner's challenge to continued detention will be denied. An appropriate Order follows.

      /s/ A. Richard Caputo  
      A. RICHARD CAPUTO  
      United States District Judge

Dated: April 26, 2005

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MOHAMMAD S. GHAZIASKAR,**           :
                                       :
    **Petitioner,**                     :     **CIVIL NO. 3:CV-04-1520**
                                       :
**v.**                                 :     **(Judge Caputo)**
                                       :
                                       :
**JOHN ASHCROFT,** *et al.,*           :
                                       :
    **Respondents.**                    :

## O R D E R

**AND NOW, THIS 26th DAY OF APRIL, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's emergency petitions/motions for writ of habeas corpus (Docs. 21, 31, 34, 36, 37, and 44) are **DISMISSED** as duplicative.

2. Petitioner's motions for judgment as a matter of law (Docs. 25 and 26) are construed as motions for default judgment, and the motions are **DENIED** as unauthorized by the statutory provisions and rules related to habeas corpus proceedings.

3. Petitioner's motion for expedited review (Doc. 24) is **DENIED.**

4. Petitioner's letters requesting expedited review of his case (Docs. 27, 28, 29, 32, and 45) are construed as motions for expedited review, and the motions are **DENIED**.

                                                   /s/ A. Richard Caputo
                                                   A. RICHARD CAPUTO
                                                   United States District Judge